```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

BARRY W. GILMER                                              PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:08cv136TSL-JCS

TOBY TROWBRIDGE, JR., INDIVIDUALLY,
AND IN HIS OFFICIAL CAPACITY AS
SHERIFF OF MADISON COUNTY, MISSISSIPPI;
SCOTT GRAVES, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS DEPUTY SHERIFF OF
MADISON COUNTY, MISSISSIPPI; MADISON
COUNTY, MISSISSIPPI; WESTERN SURETY
COMPANY; AND JOHN DOES 1 THROUGH 10                         DEFENDANTS


                       MEMORANDUM OPINION AND ORDER

Defendants Madison County, Toby Trowbridge, in his official capacity as Sheriff of Madison County, and Western Surety Company, have moved for summary judgment on plaintiff's claims,[1] and defendant Scott Graves, in his individual capacity, has moved for summary judgment on plaintiff's state law claims against him.[2] These motions have been fully briefed, and the court, having

---

[1] This court has previously granted summary judgment in favor of Sheriff Trowbridge on plaintiff's claims against him in his individual capacity. See Gilmer v. Trowbridge, Civ. Action No. 3:08CV136TSL-JCS, 2009 WL 649692 (S.D. Miss. Mar. 10, 2009). Plaintiff's remaining official capacity claims against Trowbridge are in substance against Madison County. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (explaining that a suit against a government official in his or her official capacity is a suit against the entity that the individual represents).

[2] The court has previously granted in part and denied in part Deputy Graves's motion for summary judgment on plaintiff's federal claims against him in his individual capacity. See Gilmer, 2009 WL 649692.

considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that defendants' motions are well taken and should be granted.

There is no vicarious liability under § 1983, and so, to hold a governmental entity liable under § 1983 for the misconduct of an employee, "a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted 'with deliberate indifference to the known or obvious fact that such constitutional violations would result.'" James v. Harris County, 577 F.3d 612, 617 (5th Cir. 2009) (citations omitted). As the court recognized in James,

> Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is "so common and well-settled as to constitute a custom that fairly represents municipal policy." A policy is official only "when it results from the decision or acquiescence of the municipal officer or body with 'final policymaking authority' over the subject matter of the offending policy."

Id. (citations omitted). "Sheriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties." Brooks v. George County, Miss., 84 F.3d 157, 165 (5th Cir. 1996).

Plaintiff submits that he has presented sufficient evidence to create a genuine issue of material fact as to the existence of

2

an official policy, practice or custom, based on proof tending to show what he contends is a widespread practice of "fabricating false charges of disorderly conduct, resisting arrest, disobeying a law enforcement officer, disturbing the peace and other felonies or misdemeanors when the arresting deputy desires to charge a person but has no legal basis for any charge." However, the only alleged facts upon which he relies in support of his position are that he was himself allegedly unlawfully arrested on two separate occasions by Deputy Graves (which arrests are the subject of his complaint herein), and that a year after plaintiff's arrests, Deputy Graves allegedly unlawfully arrested another individual, one William Barnett, on a fabricated charge of disorderly conduct. Plaintiff argues that these incidents "represent a sample of widespread abuse perpetrated by the Sheriff's Department in false claims filed against citizens." However, this court has previously held in this case that the fact that plaintiff was arrested by Deputy Graves on April 14, 2006 and April 15, 2006 does not establish that widespread abuse existed within the Madison County Sheriff's Department, exhibiting a deliberate indifference to plaintiff's constitutional rights.[3] The court

---

[3] In its opinion granting summary judgment for Sheriff Trowbridge in his individual capacity, the court wrote:
    In response to Sheriff Trowbridge's motion, plaintiff has argued that this court should view plaintiff's April 14 and April 15 arrests as two separate occasions of abuse by Deputy Graves; but even were the court to do this, that still would not demonstrate that widespread abuse existed within the Madison County Sheriff's Department. See Hinshaw, 785 F.2d at 1264 (where an

further concluded that Barnett's alleged unlawful arrest by Deputy Graves after plaintiff's arrests did not establish widespread abuse or deliberate indifference.[4]  Accordingly, the court concludes that plaintiff has failed to create a genuine issue of material fact as to the existence of an official policy, custom or practice of making unlawful arrests.

Plaintiff's further putative claim against Madison County and Sheriff Trowbridge in his official capacity for unlawful search likewise fails.  Plaintiff notes that Deputy Graves testified that on the occasion of the incidents at issue in this case, he drove onto the Gilmer property to talk to Matt Gilmer because of a complaint that Matt Gilmer was playing loud music.  Graves further testified, "We talk to complainants all the time about loud music, so I went to speak with him."  Plaintiff argues that "Trowbridge's policy of allowing his deputies to enter upon property and speak with individuals accused of playing loud music exhibited

---

officer had been investigated on three separate occasions concerning his use of force, that did not qualify as "widespread abuse" sufficient to put the supervisor on notice that the officer "had a tendency to use excessive force").  Moreover, as defendant correctly notes, plaintiff has in any event produced no evidence that Sheriff Trowbridge even knew about plaintiff's second arrest or the circumstances surrounding that arrest.

Gilmer, 2009 WL 649692, at 9.

[4]   The court wrote that "an alleged unlawful arrest by Deputy Graves a year *after* the events at issue here [is not] relevant to whether Sheriff Trowbridge was on notice that a failure to train or supervise Deputy Graves might result in violation of plaintiff's constitutional rights."  Gilmer, 2009 WL 649692, at 10.

4

widespread abuse of citizens' rights to not be subjected to unlawful searches." However, this court previously held that Sheriff Trowbridge's "policy" of "allowing his deputies to speak with persons against whom noise/disturbing the peace complaints have been made does not evidence deliberate indifference to anyone's constitutional rights." Gilmer, 2009 WL 649692, at 9. Sheriff Trowbridge in his official capacity, and Madison County, are thus entitled to summary judgment as to plaintiff's putative § 1983 claim for violation of his Fourth Amendment right to be free from unlawful search and seizure. Moreover, since Western Surety's liability on its bond depends on a finding that Sheriff Trowbridge is liable to plaintiff, it, too, is entitled to summary judgment.

Madison County has moved for summary judgment on plaintiff's claim against it for false arrest, and that motion will be granted, as well. The Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § 11-46-1, et seq., is the exclusive civil remedy against a governmental entity or its employees for acts or omissions which give rise to a suit. Under the MTCA, a governmental entity can only be held liable for the torts of its employees committed in the "course and scope" of their employment, see Miss. Code Ann. § 11-46-7(2) ("[N]o employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties."), which the Act expressly defines to exclude an employee's conduct that

5

constitutes "malice," see Miss. Code Ann. § 11-46-5(2) (providing that an employee of a governmental entity "shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense"). Madison County argues that since under Mississippi law, false arrest is an intentional tort that requires a showing that a person has been arrested "falsely, unlawfully, maliciously and without probable cause," see City of Mound Bayou v. Johnson, 562 So. 2d 1212, 1218 (Miss. 1990), and indeed, since plaintiff has clearly alleged that Deputy Graves acted with malice while arresting him on the dates in question, then it follows that Madison County cannot be held liable for plaintiff's alleged false arrest. In response to Madison County's motion on this claim, plaintiff acknowledges that Madison County cannot be held liable for acts of malice by Deputy Graves under § 11-46-5(2). Therefore, summary judgment will be granted on this claim.[5] See Robinson v. Hosemann, 918 So. 2d 668, 670-71 (Miss. 2005) (allegation that defendants acted "willfully, maliciously, and in

---

[5] The court acknowledges plaintiff's argument that, notwithstanding that Graves' alleged conduct was malicious and therefore outside the course and scope of his employment, plaintiff still may pursue a claim against the County for false arrest based on Sheriff Trowbridge's "awareness and promotion of constitutional abuses." The court has already concluded that plaintiff has failed to present sufficient evidence to establish that Sheriff Trowbridge was aware of, much less condoned or promoted unlawful arrests by his deputies.

6

reckless disregard to the right of the Plaintiff not to be falsely arrested and imprisoned" asserted conduct outside MTCA).

Defendant Graves has moved for summary judgment on plaintiff's state law causes of action for false arrest, false imprisonment, assault and battery and intentional infliction of emotional distress on the basis that these claims are barred by the one-year statute of limitations under Mississippi Code Annotated § 15-1-35.  See Miss. Code Ann. § 15-1-35 ("All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after."); CitiFinancial Mortgage Co., Inc. v. Washington, 967 So. 2d 16, 19 (Miss. 2007) (a "claim for intentional infliction of emotional distress is subject to a one-year statute of limitations under Mississippi Code Annotated Section 15-1-35 (Rev. 2003)").  Graves argues that since each of these causes of action accrued on April 14-15, 2006, and since plaintiff did not file suit until November 9, 2007, well over a year later, then these claims are time-barred and should be dismissed with prejudice.  See Brooks v. Pennington, 995 So. 2d 733, 737-38 (Miss. Ct. App. 2007) (a "complaint for false arrest and false imprisonment accrue[s] on the date of arrest") (quoting Parker v. Mississippi Game & Fish Comm'n, 555 So. 2d 725, 727 (Miss. 1989)); Woods v. Carroll County, No. Civ. Action No.

4:07CV94-SA-DAS, 2008 WL 4191738, 3 (N.D. Miss. 2008) (state law tort of assault and battery accrues on the date of the subject incident)(citing City of Mound Bayou v. Johnson, 562 So. 2d 1212, 1217 (Miss. 1990).

Plaintiff's charge of intentional infliction of emotional distress is based on his allegation that defendants "knew or should have known that the wrongful arrest and detention of the Plaintiff would cause severe emotional distress to the Plaintiff." The one-year statute of limitations began to run on the date of the allegedly "intentional act which [plaintiff] claim[s] forms the basis of this action," i.e., the alleged wrongful arrest and detention of Barry Gilmer. CitiFinancial, 967 So. 2d at 19.

In response to Graves' motion, plaintiff argues that the statute of limitations applicable to his claims is not the one-year statute of limitations in § 15-1-35 but rather is the statute of limitations in the MTCA, specifically Mississippi Code Annotated § 11-46-11(3), which establishes a one-year limitations period, but also provides for tolling of that period for the purpose of the claimant's filing a mandatory notice of claim with the governmental entity.[6] Plaintiff evidently takes the position

---

[6] The statute provides,
All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim ... shall serve to toll the statute of limitations for a period of ninety-five (95) days.... The limitations period provided herein shall control and

8

that his notice of claim letter required under the Mississippi Tort Claims Act tolled the statute of limitations for purposes of his claims herein. However, this argument is without merit. See Sowers v. Darby, No. 2:07CV11-SA-SAA, 2009 WL 742730 (N.D. Miss. March 17, 2009) (rejecting argument that plaintiff's notice of claim letter required under MTCA tolls the statute of limitations for intentional torts) (citing Herman v. City of Shannon, 296 F. Supp. 2d 709, 715 n.9 (N.D. Miss. 2003) (even if plaintiff could have alleged misconduct was outside the officer's scope of employment, intentional torts would still be subject to one-year statute of limitations period found in Mississippi Code Section 15-1-35); Lee v. Thompson, 859 So. 2d 981, 985-86 (Miss. 2002) (allegations that officers acted intentionally or with reckless disregard caused the claims to fall outside the MTCA and thus, subject to the statute of limitations found in Mississippi Code Section 15-1-35).

As Deputy Graves correctly argues, if he was acting in the course and scope of his employment, then he is entitled to the limitations, protections and immunities under the MTCA in his

>    shall be exclusive in all actions subject to and brought
>    under the provisions of this chapter, notwithstanding
>    the nature of the claim, the label or other
>    characterization the claimant may use to describe it, or
>    the provisions of any other statute of limitations which
>    would otherwise govern the type of claim or legal theory
>    if it were not subject to or brought under the
>    provisions of this chapter.
> Miss. Code Ann. § 11-46-11(3).

9

individual capacity and is immune from liability on all state law claims.  See Mozingo v. Scharf, 828 So. 2d 1246, 1250 (Miss. 2002) (holding that if an individual is deemed to be state employee, then "immunity attaches" and that individual "is shielded from liability").  If, however, he was acting outside the course and scope of his employment during the times alleged by plaintiff, then Deputy Graves would not be entitled to the immunity from personal liability provided by the MTCA, but in that case, the applicable statute of limitations for plaintiff's claims for false arrest, false imprisonment, assault and battery and intentional infliction of emotional distress, would be § 15-1-35.  Thus, whether or not the MTCA applies to these claims, they are due to be dismissed.

Deputy Graves next argues he should be granted summary judgment on plaintiff's claim for trespass since the areas on which he allegedly trespassed were exposed to the general public and thus were equally available to Deputy Graves, and because he was in any event acting within the course and scope of his employment in investigating neighbors' complaints of excessive noise on the Gilmer property.  As Graves notes, Mississippi recognizes a trespasser as "one who enters upon another's property 'without license, invitation, or other right, and intrudes for some definite purpose of his own, or at his convenience, or merely as an idler with no apparent purpose, other than, perhaps, to satisfy his curiosity,'" Simcox v. Hunt, 874 So. 2d 1010, 1018-19

10

(Miss. Ct. App. 2004) (quoting <u>Saucier v. Biloxi Reg'l. Med. Ctr.</u>, 708 So. 2d 1351, 1357 (Miss. 1998)), but it holds that "a claim of police trespass cannot be made regarding areas that are typically used by visitors"). <u>Mitchell v. State</u>, 792 So. 2d 192, 206 (Miss. 2001). In <u>Mitchell</u>, the court quoted at length from <u>Waldrop v. State</u>, 544 So. 2d 834 (Miss. 1989), as follows:

> It is not objectionable for an officer to come up upon that part of the property which has "been open to the public common use." The route which any visitor to a residence would use is not private in the Fourth Amendment sense, and thus if police take that route "for the purpose of making a general inquiry" or for some other legitimate reason, they are free "to keep their eyes open ..."
> 1 W. LaFave, <u>Search and Seizure</u>, § 2.3, at 318 (1978)).
> This Court continued quoting LaFave by stating:
> Thus, when the police come on to private property to conduct an investigation or for some other legitimate purpose and restrict their movements to places visitors could be expected to go (e.g., walkways, driveways, porches), observations made from such vantage points are not covered by the Fourth Amendment.
> <u>Id.</u> The United States Supreme Court has also said that if property is exposed to the general public, then it is also equally available to the police. <u>California v. Rooney</u>, 483 U.S. 307, 324, 107 S. Ct. 2852, 97 L. Ed. 2d 258 (1987).

<u>Mitchell</u>, 792 So. 2d at 206 (quoting <u>Waldrop</u>, 544 So. 2d at 838). There is no question but that on April 15, Deputy Graves entered only onto those portions of the Gilmer property that were "open to the public common use" in response to a neighbor's noise complaint. Plaintiff maintains, however, that the portion of the property onto which Deputy Graves traveled on April 14 was not likewise "open to the public common use" or was an area where

11

visitors could be expected to go (e.g., walkways, driveways, porches). However, it is clear from the record evidence that his entering onto the property in both instances occurred in the course and scope of his employment, and he is therefore immune from personal liability under the Tort Claims Act. Accordingly, summary judgment is in order on this claim.

Deputy Graves has finally moved for summary judgment on plaintiff's claims for malicious prosecution and abuse of process, contending that plaintiff cannot satisfy the elements of these causes of action. In the court's opinion, however, there are genuine issues of material fact which preclude summary judgment on these claims.

Based on the foregoing it is ordered that the motion of Madison County, Sheriff Trowbridge in his official capacity, and Western Surety Company for summary judgment is granted. It is further ordered that the motion of defendant Graves is granted in part and denied in part, as set forth herein.

SO ORDERED this 23rd day of November, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE